## CURAN et al. v. GARCIA.

### No. 12415.

Court of Civil Appeals of Texas. San Antonio.

July 23, 1952.

Rehearing Denied Sept. 3, 1952.

E. T. Yates, Brownsville, for appellant.

Carter, Stiernberg, Blanton & Skaggs, Harlingen, J. W. Bartram, Jack Wiech, Brownsville, for appellee.

POPE, Justice.

This case concerns the validity of an order appointing a guardian for the person and estate of Margarita Curan under the provisions of Articles 4113–4123, Vernon's

Ann.Civ.Stats. The guardian was appointed after full hearing but without a jury trial. The case presents points relating to the essential procedural steps incident to proceedings under Article 4113, and the sufficiency of the evidence to prove that Margarita Curan was a person of unsound mind.

Martin Salazar filed an application in the County Court of Cameron County for appointment as guardian, asserting that Margarita Curan was a female person about forty-one years old, residing in that county. The application described the estate belonging to Margarita Curan in detail and stated its probable value. It alleged that "Margarita Curan is a person of unsound mind," and further that in 1933 the County Court of Cameron County had adjudged her to be a person of unsound mind. It alleged the need for a guardian and other pertinent matters, and concluded with a prayer for the appointment of either Salazar or some other suitable person, as guardian. The applicant swore to the facts asserted in his application, although this is not required by Article 4113. The application stated each essential requirement for the commencement of proceedings for the appointment of a guardian as set forth in said Article 4113.

Thereafter, after notice, service and return, as well as personal service upon Margarita Curan, the judge heard the cause without a jury, found that Margarita Curan was of unsound mind, and appointed Viviano Garcia as guardian in accordance with the provisions of Article 4123. Ramiro Garcia intervened in the proceedings and sought to be appointed guardian. He perfected his appeal from the judgment of the County Court, as did Margarita Curan, and the district court then tried the case, entered a judgment similar to that of the County Court appointing Viviano Garcia guardian of Margarita Curan's person and estate. The district court, after a full hearing without a jury found her to be a person of unsound mind.

■ We do not consider it necessary to detail the evidence that proved Margarita Curan was of unsound mind. At the district court hearing, three medical experts and eight other witnesses testified as to the unsoundness of Margarita Curan's mind. This record of her present condition was bolstered by a nineteen-year history, during which time various judges, witnesses, juries, and her mother have found or designated her as "a non compos mentis," "a lunatic," "an imbecile," "an idiot," "a feebleminded person," and "a person of unsound mind." It can not be seriously contended that the evidence fails to support the fact of unsoundness of her mind.

The second attack upon the validity of the order appointing the guardian consists of an attack upon a judgment of the County Court of the same county concerning Margarita Curan in 1933. In 1933 proceedings were commenced against Margarita Curan under Chapter 12 of Title 69, Articles 4267–4284, Vernon's Ann.Civ. Stats. This Chapter pertains to "Lunatics and Drunkards", under the general title of "Guardian and Ward." These proceedings resulted in an order adjudicating "Margurite" Curan to be a person of unsound mind, and the appointment of a guardian of her person and estate. No appeal was ever taken from that order.

In 1943, in an entirely separate proceeding, the County Court of Cameron County, after hearing, entered an order adjudging Margaret Curan to be a feebleminded person and committing her to the State School for the feeble-minded. Those proceedings were in accord with Title 59, entitled "Feeble Minded Persons," Arts. 3867–3871, Vernon's Ann.Civ.Stats. But the present proceedings were commenced in 1951 under the provisions of Chapter Two, Arts. 4113–4117 of Title 69, Guardian and Ward, entitled "Commencement of Proceedings". The 1951 proceedings were filed in the same court and bore the same docket number of the 1933 proceedings. Appellants urge that the 1951 proceedings, commenced under Article 4113, are invalid, because the 1933 proceedings, commenced under Articles 4267–4284 were invalid.

■ Appellants' points are founded on the erroneous premise that the validity

of the guardianship proceedings commenced in 1951 in accord with the provisions of Chapter Two of the Guardian and Ward Title is dependent upon the validity of the earlier proceedings commenced in 1933 under Chapter Twelve of the same Title. Appellants' error is the assumption that the application for the guardian depended upon the 1933 proceedings. The applicant did not rely upon the earlier finding in 1933, but proceeded to prove the facts set forth in the 1951 application by full and complete evidence. Article 4113, as amended in 1941, states that an application for guardian under that article must allege *"whether or not* such person has been adjudged to be a person of unsound mind or an habitual drunkard". The inference from such a statement is that the court, upon the filing of an application, may proceed to hear evidence on mental soundness, whether there was a prior finding or not, but that such information must be alleged. The statute in no way conditions a hearing upon a prior separate finding of mental unsoundness, but requires only that in a hearing to determine that fact, the application must disclose any prior hearings.

Authorities may be found for the proposition that no guardian may be appointed until the statutes relating to Lunatics and Drunkards have been followed, including the requirement that mental unsoundness of the ward be found by a jury. Ward v. Compton, Tex.Civ.App., 203 S.W. 129. But that was the rule before Section 3 of Article 4113 was added in 1941. Acts 1941, 47th Leg. p. 867, Ch. 541, § 1. Since that amendment to what was formerly Article 4052, See Acts 1876, p. 177, an applicant for a guardian has been permitted to proceed under the provisions of Arts. 4113–4117, without any requirement that he first proceed under the provisions of Arts. 4267–4284; Bearden v. Texas Co., Tex.Com.App., 60 S.W.2d 1031; Henderson v. Applegate, Tex.Civ.App., 203 S.W.2d 548; Damron v. Rankin, Tex.Civ. App., 34 S.W.2d 360.

Every contention urged by appellant in the attack upon the 1951 proceedings is answered by the express words of Section 6 of Article 4123, which states:

"The remedy herein provided is cumulative of that provided in Chapter 12 hereof, for the guardianship of persons of unsound mind and habitual drunkards, *and may be resorted to without invoking the latter remedy."*

The judgment is affirmed.