George D. KIKER, Administrator of the Estate of F. B. McComb, Deceased, Appellant,

v.

Ruth Weatherred PERKINS et al., Appellees.

No. 6975.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 19, 1960.

Crow & Crow, Canadian, for appellant.

Ed Hoover, Jr., Canadian, for appellees.

CHAPMAN, Justice.

This is an appeal from an injunction granted appellees, Ruth Weatherred Perkins individually as heir and legatee of Marcus B. Weatherred deceased and in her capacity as administratrix of his estate, and Ovna Weatherred, wife of Marcus B. Weatherred. The injunction restrained George D. Kiker, administrator of the estate of F. B. McComb from proceeding with an application to sell, through the Probate Court of Hemphill County, Texas, an undivided one-half (½) of the oil, gas and other mineral estate and all the surface estate in and to the Northwest Quarter (NW¼) of Sec. 137, Block No. 42, H. & T. C. Ry. Co. Survey in Hemphill County, Texas.

The record indicates that F. B. McComb died intestate in the Abilene State Hospital in 1949, where he had been a patient for many years, and that more than ten years later appellant Kiker, Secretary of Kiker-Warren Inc., Morticians, qualified as administrator of his estate under an application alleging the estate owed Kiker-Warren, Inc., $150 for funeral and burial expense, that he was an officer of Kiker-Warren Inc., and as such was entitled to letters of administration.

While the administration was pending in the Probate Court of Hemphill County, Texas, appellant sought to sell the described land, which had been inventoried as belonging to the F. B. McComb estate to satisfy his company's $150 claim and certain other claims filed with the administrator against said estate. By verified pleading to the effect that appellees claimed the described property and had been in peaceable and adverse possession thereof since September 27, 1933, under a deed of such date, paying taxes thereon, the judge of the District Court of Hemphill County, Texas, granted a temporary restraining order without a hearing restraining appellant from selling the property pending a hearing. Upon a hearing later had appellant was enjoined for a period from proceeding to sell the property. The Court recited in his judgment that a conflict of interests between the parties as to title to the real estate was involved and enjoined appellant from proceeding with an application to sell it, "until plaintiffs herein file their petition in trespass to try title hereinabove mentioned and proceeds with the same to a final determination". It is from this order appellant has perfected his appeal upon four points, the first of which asserts there was no evidence to support the injunctive relief granted, and the second of which asserted error of the District Court in assuming jurisdiction to the exclusion of the Probate Court.

An agreed statement of facts is before us which had included therein an instrument showing that the land in controversy forms no part of the estate of F. B. McComb; that appellee, Ruth Weatherred, had been in possession of said land, and paying taxes thereon for more than twenty years; that the deed records show that her interest is of record; and that title to land is involved. It having been agreed by the parties that the instrument constituted the statement of facts upon the hearing, we must conclude that appellees' point of no evidence is without merit.

The record shows that title to land is involved, and appellees' sworn pleading does not deny such. The Probate Court would not have jurisdiction to pass upon such a question. Art. V, Sec. XVI, Con-

stitution of Texas, Vernon's Ann.St. Such a trial rested in the District Court alone. Art. V, Sec. VIII, Constitution of Texas; H. D. Lee Mercantile Co. v. Thompson et al., Tex.Civ.App., 161 S.W.2d 581; Clark v. Barr, Tex.Civ.App., 239 S.W.2d 114; Slider v. House et al., Tex.Civ.App., 271 S.W. 644; Zamora et al. v. Gonzalez et al., Tex.Civ.App., 128 S.W.2d 166 (writ refused). Accordingly, appellant's points 1 & 2 are overruled.

 Appellant's third point asserts error of the Court in issuing the injunctive relief with a condition which rests within the sole option of appellees, and his fourth point asserts error of the trial court in undertaking to determine title to real estate with no formal pleadings and with no evidence sufficient to merit the same. The record shows the suit in trespass to try title has been filed and is No. 3013 on the docket of the District Court of Hemphill County, Texas. We see no reason why appellant cannot go into the Court and ask that the injunctive relief be set aside if the case is not disposed of in the proper time. The injunctive relief granted was such as to simply preserve the status quo until a final determination of the title can be adjudicated and was not a perpetual injunction. It did not pass on title to property but simply preserved the status quo until the title could be passed on. It has been textually stated that:

"An interlocutory judgment or order is one made during the pendency of an action or proceeding that does not finally dispose of the case, but leaves it in such a state that further action by the court is necessary in order to settle and determine the entire controversy. Obviously a judgment or order disclosing on its face that the court has reserved some further action until a later date is interlocutory. Tex.Jur.2d, Sec. 93, page 361."

The order of the Court in the instant case clearly discloses on its face that the Court has reserved further action until a later date, viz., until appellees file their petition in trespass to try title and proceed with it to final determination. We, therefore, hold that the order was interlocutory.

 Regardless of what the injunctive relief is called, and despite the fact that the parties on appeal treated it in their briefs as a permanent injunction, we believe it could only be a temporary injunction because all the Court attempted to do was to preserve the status quo until a hearing could be had upon the title to the land involved. Valerio v. Tobin et al., Tex. Civ.App., 298 S.W.2d 873. If a temporary injunction, and we believe it was, it was appealable. Rule 385, Vernon's Ann.Tex. Rules. Therefore, it becomes our duty to decide if the trial court abused his discretion, since the granting of a temporary injunction rests in the discretionary authority of the trial court. General Telephone Co. of the Southwest v. City of Wellington et al., 156 Tex. 238, 294 S.W.2d 385. Believing from the record before us that no abuse of discretion was shown, the judgment of the trial court is in all things affirmed.