**A. G. MASON, Appellant,**

v.

**Julia B. BARNARD, Appellee.**

**No. 14270.**

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1964.

Rehearing Denied July 15, 1964.

John W. Claybrook, Petry & Fitzpatrick, Carrizo Springs, for appellant.

Urban Farrow, Rufino Cabello, Carrizo Springs, Jackson & Jackson, Crystal City, for appellee.

BARROW, Justice.

This is an appeal by A. G. Mason, a nephew of Julia B. Barnard, complaining of the judgment of the 49th District Court appointing E. C. Blackley, a non-relative, as guardian of the estate of Julia B. Barnard, who was adjudged a person of unsound mind.

This proceeding was commenced in the County Court of Dimmitt County by an application for guardianship filed January 21, 1961, by Mason, in accordance with Section 111 of the Probate Code, V.A.T.S., and included a prayer for his appointment as temporary guardian pending final hearing on the application. On the same date, Mason was appointed temporary guardian of the person and estate of Julia B. Barnard with very limited power. Notice was then posted and personal service had upon Mrs. Barnard as provided by Section 130 of the

Probate Code. Mrs. Barnard contested the application and demanded a jury trial. The jury found that Mrs. Barnard was mentally incompetent to care for herself, her property or her financial affairs, and the County Court appointed Mason as guardian of her person and estate.

Mrs. Barnard appealed to the District Court where, after a full hearing, a jury again found that Mrs. Barnard was mentally incompetent. The District Court appointed Mason as guardian of her person, but, at the suggestion of Mrs. Barnard's attorney, appointed Blackley as guardian of her estate. Blackley did not qualify pending the outcome of this appeal, and Mason has continued to serve as guardian of both her person and estate, under his appointment by the County Court. A suggestion of the death of Mrs. Barnard has been filed, showing her death on May 1, 1964, and this appeal is now moot insofar as the asserted error in the appointment of Blackley is concerned.

Mason has also complained of the findings contained in the judgment of the District Court, that the proceedings had in the County Court, declaring Julia B. Barnard a person of unsound mind and appointing a guardian for her, were "void ab initio," and that all subsequent proceedings based upon the original appointment were void as a matter of law. These findings cast a cloud upon the appointment of Mason and his authority to act thereunder. Sec. 404 of the Probate Code directs that a guardianship of the person and estate of incompetents shall be settled and closed when the ward dies. We therefore must determine the validity of Mason's appointment by the County Court.

The District Court's conclusion that Mason's appointment was void was apparently based upon Mrs. Barnard's complaint that a temporary guardian was appointed by the County Court without notice to her and without the hearing of any evidence. Section 131 of the Probate Code authorizes the appointment of a temporary guardian without notice, and Mrs. Barnard urges that this section is unconstitutional under Amendments 4 and 7 of the United States Constitution and Art. 1, Sec. 19 of the Texas Constitution, Vernon's Ann.St., as depriving her of rights without due process.

We do not find it necessary to determine the validity of the temporary appointment in that Mason is now serving under appointment made after a full trial before a jury, at which trial Mrs. Barnard appeared to contest the application after personal service was had upon her, and she was represented by her personal attorney who had represented her for nineteen years. Her adjudication by the County Court and the subsequent appointment of Mason as guardian of her person and estate were based upon jury findings that she was mentally incompetent. Similar findings were made by the jury in the District Court and these findings have not been attacked by Mrs. Barnard.

It is settled that an application for guardianship of a person alleged to be of unsound mind may be brought under the provisions of Section 111 et seq. (formerly Arts. 4113–4117, V.A.C.S.), without a prior adjudication under the provisions of Sections 415–417 of the Probate Code (formerly Arts. 4267–4284, V.A.C.S.). Bearden v. Texas Co., Comm.App., 60 S.W.2d 1031; Curan v. Garcia, Tex.Civ.App., 250 S.W.2d 929; Henderson v. Applegate, Tex.Civ. App., 203 S.W.2d 548.

The trial court erred in holding that the proceedings in the County Court declaring Julia B. Barnard a person of unsound mind and appointing a guardian for her were void, and in holding that all subsequent proceedings based upon the original appointment were likewise void.

All other errors complained of by appellant are moot by reason of the death of Julia B. Barnard and the judgment of the

trial court is reversed and the cause remanded to the County Court of Dimmitt County for closing of the estate as provided by law.

Reversed and remanded.