**Annie SCHROLLER, Community Administratrix, Appellant,**

v.

**Lillian Mae Schroller HAGAN et vir, Appellees.**

**No. 14369.**

Court of Civil Appeals of Texas.

San Antonio.

March 3, 1965.

Rehearing Denied March 24, 1965.

Clark Murray, Floresville, for appellant.

Ronald Smallwood, Karnes City, for appellees.

BARROW, Justice.

The only question presented by this appeal is whether the County Court has jurisdiction to grant the application of an heir and order the community administratrix to file a verified exhibit and accounting of the estate and to partition and distribute same. The case was tried upon a stipulation of facts and the District Court held that the County Court had jurisdiction to render said order. We affirm.

R. J. Schroller, a resident of Wilson County, died intestate on September 2, 1947, leaving as survivors his widow, the appellant, and seven children, including appellee. Mrs. Annie Schroller filed her application to qualify as community administratrix, was appointed such by the County Court of Wilson County on September 16, 1947, and filed a bond and an inventory and appraisement, as required by law. She took possession of the community estate and continues to hold same, although there are no community debts remaining unpaid. On August 17, 1963, appellee filed an application in the County Court of Wilson County for a partition and distribution of this estate. On April 21, 1964, the County Judge, sitting in probate, overruled appellant's motion to dismiss this application for want of jurisdiction and directed appellant, as community administratrix, to file a verified exhibit and accounting of said estate and to forthwith make a partition and distribution of said estate. Appellant appealed to the District Court from this order and questioned the County Court's jurisdiction.

■ It is our opinion that the County Court had jurisdiction to enter this order under the provisions of the Probate Code, Vernon's Ann.Tex.Stats. Sec. 175 thereof provides for termination of a community administration after the lapse of twelve months, and further provides that partition and distribution of the community estate may be had and the administration closed either by proceedings as in other independent administrations, or by proceedings in the appropriate District Court. One of the methods of closing an independent administration is set fourth in Sec. 152 of the Code. This section provides in part that "after an estate has been fully administered and there is no further need for an independent administration of such estate, any distributee may file an application to close the administration; * * *." In Davis v. East Texas Savings & Loan Ass'n, 163 Tex. 361, 354 S.W.2d 926, the Supreme Court held that this section au-thorizes a distributee to file an application to close an independent administration, and that the application must be made to the probate court.

■ Appellant urges that appellee is an "heir" and not a "distributee." It is seen, however, that a "distributee" as defined in Sec. 3(j) of the Code, includes a person entitled to the estate of a decedent under the statutes of descent and distribution. It was stipulated that appellee, a daughter of deceased, is entitled to a share of the estate of R. J. Schroller, deceased.

Here all debts of the estate were paid, and more than twelve months had elapsed after appellant qualified as community administratrix. The County Court therefore had jurisdiction to grant appellee's application for a partition and distribution of the estate. This would include jurisdiction to order an accounting. Secs. 151, 168, and 404 et seq., Probate Code, Vernon's Ann.Tex.Stats.

The judgment is affirmed.