**Carl M. CARROLL, Jr., et al., Appellants,**

v.

**Vernon CARROLL, et al., Appellees.**

No. 13–93–061–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1994.

George Washington, Jr., Houston, for appellants.

Marvin B. Peterson, Houston, James Carr, Hallettsville, for appellees.

Before KENNEDY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellees sued appellants in the 25th District Court of Lavaca County for declaratory judgment, trespass to try title, removal of cloud on title, cancellation of deed, writ of possession, damages and attorneys' fees. Appellees asked the district court to declare

void certain orders issued by the County Court of Lavaca County [1] approving and confirming the sale of real estate belonging to the estate of a deceased ward. Appellants responded with a plea to the jurisdiction, asserting that the district court lacked jurisdiction to hear this case while the deceased's estate remained pending in the county court. The district court denied appellants' plea to the jurisdiction and decreed that the county court's orders and guardian's deed conveying title were void and of no effect. By a single point of error, appellants contend that the district court lacked jurisdiction to consider this case. We affirm the trial court's judgment.

On August 20, 1960, Ed Davis and Ida Mae Carroll Davis executed a joint and mutual will reserving in it a life estate in the survivor of the two. Ed Davis died on April 1, 1965 and his will was admitted to probate on April 19, 1965, in cause number 5565 in the County Court of Lavaca County. Ida Mae Carroll Davis was appointed independent executrix of her husband's estate. According to the will, Norman Carroll, A.J. Carroll and Vernon Carroll were to receive title to the Davises' 59.7 acre farm, subject only to Ida Davis' life estate. The present appellees include Vernon Carroll, A.J. Carroll, and the heirs of Norman Carroll.

On July 2, 1965, at the age of 71 years, Ida Davis moved into the Yoakum Memorial Nursing Home in Yoakum, Texas. Her nephew, Dr. Carl M. Carroll, subsequently commenced guardianship proceedings against her in cause number 7105 in the County Court of Lavaca County. The county court declared Ida Davis to be *non compos mentis* and, by order dated August 29, 1978, appointed appellant, Dr. Carroll, as guardian of her person and estate. On January 10, 1979, Dr. Carroll filed an inventory, appraisement and list of claims in cause number 7105. Ida Davis resided at the nursing home in Yoakum, Texas until September 17, 1986, when she died at the age of 92 years.

1. Lavaca County does not have a statutory county court. The County Court of Lavaca County is a constitutional county court.

On August 27, 1987, nine years after he was appointed guardian and almost one year after Ida Davis' death, Dr. Carroll filed an application (in the guardianship case) and requested permission to sell the 59.7 acre farm. In the application, Dr. Carroll alleged that the farm was worth $60,600.00.[2] Dr. Carroll also submitted a claim from the Yoakum Memorial Nursing Home. Dr. Carroll alleged that the guardianship estate owed the nursing home $97,586.39.[3] On September 8, 1987, the county court granted Dr. Carroll's application and signed an order of sale. Dr. Carroll subsequently executed a deed conveying the 59.7 acre farm to Clarence Carroll, as trustee for the nursing home, in satisfaction of the purported debt to the home. On September 21, 1987, the county court entered a decree confirming the sale of the property by the guardian.

Appellees contend that Clarence Carroll is Dr. Carroll's brother and that Dr. Carroll is also an owner of the Yoakum Memorial Nursing Home. The record does not reflect that appellees objected to the sale or purchase of the property as provided by section 345 of the Probate Code. *See* TEX.PROB. CODE ANN. § 345 (Vernon 1980).[4]

The record does not reflect the entry of a closing order or a verified account for final settlement of the guardianship case. *See* TEX.PROB.CODE ANN. § 405 (Vernon 1980) (amended 1993) (current version at TEX.PROB. CODE ANN. § 749 (Vernon Supp.1994)).[5] The record also does not reflect that anyone complained of Dr. Carroll's failure to file a final verified accounting in the guardianship case. *See* TEX.PROB.CODE ANN. § 404A (repealed 1993, now TEX.PROB.CODE ANN. § 746 (Vernon Supp.1994));[6] § 406 (amended 1993) current version at TEX.PROB.CODE ANN. § 750 (Vernon Supp.1994) (court may remove estate from active docket on or after third anniversary of ward's death).[7]

2. According to the inventory, appraisement and list of claims filed by Dr. Carroll on January 10, 1979, the farm was worth $35,820.00.

3. According to the inventory, appraisement and list of claims filed by Dr. Carroll on January 10, 1979, the guardianship estate owed Yoakum Memorial Nursing Home $13,909.34.

4. § 345. Opposition to Application

When an application for an order of sale is made, any person interested in the estate may, before an order is made thereon, file his opposition to the sale, in writing, or may make application for the sale of other property of the estate.
TEX.PROB.CODE ANN. § 345 (Vernon 1980).

5. § 405. Account for Final Settlement of Estates of Decedents and Persons and Estates of Wards

When administration of the estate of a decedent, or guardianship of person or estate, or of the person and estate of a ward, is to be settled and closed, the personal representative of such estate or of such ward shall present to the court his verified account for final settlement.... Each final account, however, ... shall show, either by reference to any proceedings authorized above or by statement of the facts:
(b) As to Estates of Wards.
1. The property, rents, revenues, and profits received by the guardian, and belonging to his ward, during his guardianship.
2. The disposition made of such property, rents, revenues, and profits.
3. The expenses and debts, if any, against the estate remaining unpaid.

4. The property of the estate remaining in the hands of such guardian, if any.
5. Such other facts as appear necessary to a full and definite understanding of the exact condition of the guardianship.
TEX PROB.CODE ANN. § 405 (Vernon 1980).

6. § 404A. Payment of Funeral Expenses and Other Debts

Notwithstanding the provisions of the preceding Section, before the guardianship of the persons and the estates of wards shall be closed upon the death of any ward, the guardian subject to the approval of the Court may make all funeral arrangements, pay for such funeral expenses out of the estate of the deceased ward and pay all other debts out of such estate. If a personal representative of the estate of a deceased ward is appointed, the Court shall on the written complaint of the personal representative cause the guardian to be cited to appear and present a final account as provided in Section 406 of this Code.
TEX.PROB.CODE ANN. § 404A (Vernon 1980). Act of 1979, 66th Leg., p. 1876, ch. 758, § 2, eff. Aug. 29, 1979 (repealed, now Act of 1993, 73rd Leg., ch. 957, § 1, eff. Sept. 1, 1993). *See* TEX PROB. CODE ANN. § 746 (Vernon Supp.1994).

7. § 406. Procedure in Case of Neglect or Failure to File Final Account; Payments Due Meantime

If a personal representative charged with the duty of filing a final account fails or neglects so to do at the proper time, the court shall, upon its own motion, or upon the written complaint of any one interested in the decedent's or

On December 31, 1987, Vernon Carroll filed an application in cause number 8155 in the County Court of Lavaca County to probate Ida Davis' will. On June 26, 1990, the county court admitted Ida Davis' will to probate and appointed Vernon Carroll as independent executor of her estate.[8] Appellants contend that no further action has occurred in cause number 8155 and that Ida Davis' will probate case remains open on the docket of the county court.

On August 19, 1991, Vernon Carroll and other claimed devisees and presumptive heirs under the Davis Will filed the present action in the 25th District Court of Lavaca County. Appellees alleged that pursuant to the will, they owned the 59.7 acre farm in fee simple and sued appellants for a declaratory judgment, trespass to try title, removal of cloud on title, cancellation of deed, damages and attorneys' fees. On November 25, 1992, the district court rendered judgment declaring the following to be void and of no effect:

1) the county court's order of sale,

2) the county court's decree confirming sale, and

3) Dr. Carroll's deed conveying the 59.7 acre farm to Clarence Carroll as trustee for the Yoakum Memorial Nursing Home.

The district court declared that fee simple title to the 59.7 acre farm passed to the devisees named in the will, awarded plaintiffs damages (rental value of the property) and attorneys' fees, and issued a writ of possession in favor of appellees.

By their sole point of error, appellants complain that the district court should have dismissed this case for want of jurisdiction. Appellants contend that Vernon Carroll's application for probate of Ida Davis' will (cause number 8155) and the guardianship proceeding (cause number 7105) were commenced in the county court prior to the initiation of appellees' action in the district court. Appellants also contend that, at the time of appellees' filing in district court and at judgment, both cause numbers 7105 and 8155 were still pending in the county court. Appellants further contend that appellees expressly admitted that the county court first acquired jurisdiction in the guardianship case and that the record contains no proof of any transfer to the district court in accordance with TEX.PROBATE CODE § 5(b) (amended 1993).[9]

*Will Probate Case*

Appellants rely on the recent supreme court decision in *Bailey v. Cherokee County Appraisal District,* 862 S.W.2d 581 (Tex. 1993), which held that a taxing authority's suit, which was filed in district court, constituted a claim against an estate and should have been filed in the probate court, where a dependent administration was pending. *Bai-*

---

ward's estate which has been administered, cause such representative to be cited to appear and present such account within the time specified in the citation. So far as applicable, this Section shall also govern with respect to guardians of the person. Meantime, rentals or other payments becoming due to the ward, his estate, or his guardian, between the date the ward's disability terminates or the date of the ward's death and the effective date of the guardian's discharge may be paid or tendered to the emancipated ward, his guardian, or the personal representative of the ward's estate, at obligor's option, and such payment or tender shall constitute and be an absolute discharge of such matured obligation for all purposes to the extent of the amount thus paid or tendered. TEX.PROB.CODE ANN. § 406 (Vernon 1980). Act of 1979, 66th Leg., p. 1876, ch. 758, § 3, eff. Aug. 27, 1979, *amended by* Act of 1993, 73rd Leg., ch. 898 § 1, eff. June 19, 1993 (now Act of 1993, 73rd Leg., ch. 957, § 1, eff. Sept. 1, 1993). *See* TEX PROB.CODE ANN. § 750 (Vernon Supp.1994).

8. The Davises' joint and mutual will named Norman Carroll as substitute independent executor. However, because Norman Carroll predeceased Ida Davis, the county court appointed Norman Carroll's son, Vernon Carroll, as independent executor of the will.

9. **§ 5. Jurisdiction of District Court and Other Courts of Record With Respect to Probate Proceedings and Appeals from Probate Orders**

(b) In those counties where there is no statutory county court, county court at law, or other statutory court exercising jurisdiction of a probate court, all applications, petitions and motions regarding probate, ... guardianships, ... shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court. TEX.PROB.CODE ANN. § 5(b) (Vernon 1980).

*ley,* 862 S.W.2d at 585. Appellants also rely on *Carlisle v. Bennett,* 801 S.W.2d 589 (Tex. App.—Corpus Christi 1990, no writ) wherein we held that matters relating to settlement, partition or distribution of an estate are matters incident to an estate and are exclusively within the jurisdiction of the probate court.

Both *Bailey* and *Carlisle* involved actions which were brought during the time that the estate was actively pending in probate court. *Bailey* may be distinguished from this case since it involved a separate suit brought during the pendency of a dependant administration. The determinative issue in this case remains whether appellees' action brought in district court is barred where independent administration of the estate is purportedly still pending in county court.

■ The 25th District Court of Lavaca County and the County Court of Lavaca County have concurrent jurisdiction under TEX.PROBATE CODE § 5(b) and (e) (amended 1993). Either court may proceed to entertain and exercise jurisdiction in any matter incident to an estate, and the court in which the application for probate proceedings is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts. TEX.PROBATE CODE § 5A(a) (amended 1993)[10], TEX.PROB.CODE ANN. § 8(a) (Vernon 1980). However, the grant of jurisdiction to constitutional and statutory county courts to decide all matters incident to or appertaining to an estate of a decedent or ward is not exclusive, and neither §§ 5(d) nor 5A(a), providing such grant of jurisdiction, nor any other enactment of the legislature, have stripped the district court of jurisdiction granted that court by other provisions of the constitution and statutes. *See Smith v. Smith,* 694 S.W.2d 426 (Tex.App.—Tyler 1985, writ ref'd n.r.e.).

■ Under Texas law, as long as an estate remains in the hands of and under control of an independent executor, the probate court lacks jurisdiction to consider and approve claims against the estate. *Klein v. United States,* 539 F.2d 427, 432 (5th Cir. 1976); TEX.PROB.CODE ANN. § 145(h) (Vernon 1980).[11] *See* TEX.PROB.CODE ANN. § 146 (Vernon 1980).[12] District courts, the courts of general jurisdiction, have jurisdiction over suits involving the validity of claims against the estate of a decedent which is being independently administered. *Klein,* 539 F.2d at 432; TEX. CONST. art. V, § 8. In the present case, suit was brought to establish title and the interests therein to certain real property. Where questions of title are involved, the district court is the more appropriate tribunal having exclusive jurisdiction to such an adjudication. TEX. CONST. art. V, § 8. The nature of appellees' cause of action as disclosed by their pleadings, which involve issues over which the probate court did not have jurisdiction, is such that the powers of the probate court are inadequate to grant the plaintiffs (appellees) the full relief to which they were entitled. It is well settled that, in such a case, the district court has jurisdiction and may grant relief. *Lauraine v. Ashe,* 109 Tex. 69, 191 S.W. 563, 565–566 (1917); *Greg v. Ward,* 118 Tex. 526, 18 S.W.2d 1049, 1051 (1929); *Kiker v. Perkins,* 338 S.W.2d 538, 539 (Tex.Civ.App.—Amarillo 1960, no writ) (injunctive relief in district court allowed during

---

10.  Act of 1989, 71st Leg., ch. 1035, § 3, eff. Sept. 1, 1989, *amended by* Act of 1993, 73rd Leg., ch. 957, § 6, eff. Sept. 1, 1993.

11.  Section 145(h) provides:
When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.

12.  Section 146 provides:

An independent executor, in his administration of an estate, although free from the control of the court, shall nevertheless, independently of and without application to, or any action in or by the court, receive presentation of and classify, allow, and pay, or reject, claims against the estate in the same order of priority, classification, and proration prescribed in this Code, and set aside and deliver to those entitled thereto exempt property and allowances for support, and in lieu of homestead, as prescribed in this Code, to the same extent and result as if his actions had been accomplished in, and under orders of, the court.

probate administration); *Milner v. Whatley,* 282 S.W.2d 903, 907–908 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.); TEX. CONST. art. V, §§ 8, 16.

The present case can be distinguished from our ruling in *Carlisle v. Bennett,* wherein we held that the probate court of Lamb County had exclusive jurisdiction to determine the matters asserted by the appellants in a separately filed suit in the district court of Cameron County. The controlling issue of appellant Carlisle's suit against the independent executrix, in her individual capacity, concerned a matter directly related to the settlement or distribution of the estate. Also, Carlisle sought no more relief than his recovery in the distribution of the estate when it eventually occurred. Here, the controlling issue concerns title to real property, and the relief sought, including actual damages, is not limited to the distribution awarded under the will.

We hold that the present suit is not beyond the jurisdiction of the district court, notwithstanding that the probate estate of Ida Davis is subject to independent administration, where the controlling issues in dispute concern the determination of title to real property, the distribution of probate assets being merely incidental to the relief sought. The County Court of Lavaca County retains continuing jurisdiction in cause number 8155 over any remaining matters incident to the settlement or distribution of Ida Davis' probate estate.

### Guardianship Case

Appellants argue that TEX.PROB.CODE ANN. § 404A broadens the guardian's powers be-

yond the death of the ward and allows the guardian to sell property belonging to the estate of the ward in compromise and settlement of outstanding debts left unpaid. Appellants also argue that § 404A extends the probate court's jurisdiction to allow and approve such a sale. We do not agree. To so interpret § 404A would mean giving active trust powers to the guardian. After a careful review of the Probate Code, we do not find that the Legislature granted such powers to guardians.

Appellees rely on *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 431 (1932) and *Gutierrez v. Estate of Rebecca Gutierrez, NCM,* 786 S.W.2d 112 (Tex.App.—San Antonio 1990, no writ) (citing *Baldwin v. Davis Hill Oil Co.,* 245 S.W.2d 353 (Tex.Civ.App.—Beaumont 1951, writ ref'd n.r.e.)) which held that a guardianship terminates and the powers of the guardian and probate court cease upon the death of the ward, except for the filing of the final account to settle and close the guardianship in accordance with TEX. PROB.CODE ANN. § 405 (amended 1993) and to discharge the guardian. Appellees contend that, upon the death of Ida Davis, the administration of the guardianship should have been immediately settled and closed, *see* TEX. PROB.CODE ANN. § 404 (amended 1993) (current version at TEX.PROB.CODE ANN. § 745 (Vernon Supp.1994)),[13] and that the probate court lacked jurisdiction to otherwise continue the guardianship except to approve funeral expenses and "all other debts" previously approved by the guardian and the court *prior to the death of the ward,* as specified in TEX.PROB.CODE ANN. § 320(b)(2).[14] Appellees

13. § 745. **Closing of Guardianships of the Estate**

  (a) A guardianship of the estate of a ward is settled and closed when:
  (2) an incapacitated ward dies, or is decreed as provided by law to have been restored to full legal capacity(.)
  TEX.PROB.CODE ANN. § 745 (Vernon Supp.1994)

14. § 320. **Order of Payment of Claims**

  (b) **Estates of Wards.** The guardian shall pay all claims against the estate of the ward that have been allowed and approved, or established by suit, as soon as practicable, in the following order:

  (1) expenses for the care, maintenance and education of the ward or his dependents;
  (2) funeral expenses and expenses of last sickness, if the guardianship is kept open after the death of the ward as provided by Section 404A of this Code, except that any claim against the estate of a ward that has been allowed and approved or established by suit prior to the death of the ward shall be paid prior to the funeral expenses and expenses of last sickness;
  (3) expenses of administration; and
  (4) other claims against the estate.
  Act of 1979, 66th Leg., p. 1876, ch. 758, § 1, eff. Aug. 27, 1979, *amended by* Act of 1987, 70th Leg., ch. 461, § 2, eff. Sept. 1, 1987 (now TEXAS

argue that the probate court's order of sale and decree confirming sale were void as a matter of law because the probate court lacked jurisdiction.

We have reviewed the entire record. The record does not reflect that the guardianship case was kept open after Ida Davis's death to allow the guardian to exercise trust powers incidental to the proper settlement and closing of the guardianship under TEX.PROB.CODE ANN. § 404A. In addition, the record does not reflect that the Yoakum Memorial Nursing Home's claim against the estate was established by suit or allowed and approved by the county court prior to Ida Davis's death. *See* TEX.PROB.CODE §§ 320(b)(2), 404A. *See also* TEX.PROB.CODE § 298 (repealed, now TEX.PROB.CODE ANN. § 786 (Vernon Supp. 1994)).[15]

■ We believe that the decisions in *Easterline* and *Gutierrez* are determinative in this case. We also believe that the legislature's recent recodification of the Probate Code and its clarification of guardianship law is instructive. We believe that the Probate Code is clear. A guardianship ceases to exist upon the death of the ward and the guardian is required only to exercise those powers necessary to settle and close the guardianship as a prerequisite to his discharge.

■ We hold that the guardian had no authority to sell property belonging to the estate of the deceased ward one year after the ward's death.[16] Upon the death of the ward, the guardian has only the obligation and authority to file a verified final accounting and to inform the court of the expenses and debts against the estate remaining unpaid. *See* TEX.PROB.CODE ANN. § 405 (amended 1993). After a ward's death, the probate court's authority in a guardianship case does not extend beyond citing the guardian to make a final accounting.[17] A final accounting does not include the power to approve and confirm the sale of property from the ward's estate.

■ Appellants also contend that the present suit represents an impermissible collateral attack on the judgment. We find this contention to be without merit since the county court's orders are wholly void and not merely voidable. *See Jones v. Wynne*, 133 Tex. 436, 129 S.W.2d 279, 283 (1939) ("no basis for the filing of an original suit unless the probate court's action was wholly void"). Additionally, appellants contend that no motion to transfer was filed in accordance with TEX.PROB.CODE ANN. § 5. A contested probate matter may be transferred from the county court to the district court *during* the pendency of a proceeding. Appellees' claims are based on actions taken by the guardian and probate court *after* the guardianship had effectively terminated as a result of the

---

PROB.CODE ANN. § 320 (Vernon Supp.1994)). *See also* TEX PROBATE CODE § 298 which provides as follows:

> **§ 298. Claims Against Estates of Decedents and Wards.**
> (b) **Time for Presentation of Claims to Guardian.** Claims may be presented to the guardian at any time when the estate is not closed and when suit on such claims has not been barred by the general statutes of limitation.
> (c) **Claims Barred by Limitation Not to Be Allowed or Approved.** No claims against a decedent or ward, or against the estate of either, on which a suit is barred by a general statute of limitation applicable thereto shall be allowed by a personal representative. If allowed by the representative and the court is satisfied that limitation has run, the claim shall be disapproved.

Act of 1971, 62nd Leg., ch. 988, § 1, eff. June 15, 1971, *amended by* Acts 1993, 73rd Leg., ch. 957, § 47, eff. Sept. 1, 1993 (TEX.PROB CODE ANN. § 298 (Vernon Supp.1994)).

15. Act of 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956.

16. TEX.PROB CODE ANN. §§ 404, 404A, 404B, 405, and 298(b) and (c), when read together, clearly indicate that the authority of the guardian to approve a claim against the estate terminates upon the death of the ward and extinguishes all duties and obligations of the guardian, except to file a final accounting.

17. Our ruling is without prejudice against appellees to cite the guardian to make a final accounting in the guardianship estate. *See* TEX.PROB.CODE ANN. § 406 (amended 1993). The probate court retains the limited jurisdiction to compel and enforce a final accounting. *Schroller v. Hagan*, 388 S.W.2d 278 (Tex.Civ.App.—San Antonio 1965, no writ); *Massie v. De Schields*, 62 S.W.2d 322 (Tex.Civ.App.—Dallas 1933, writ ref'd). *See also Whitfield v. Burrell*, 118 S.W. 153, 54 Tex. Civ.App. 567 (1909, writ ref'd); *Kretzschmar v. Peschel*, 144 S.W. 1021 (Tex.Civ.App.—San Antonio 1912, no writ).

ward's death. We find this contention to be without merit.

Appellants, in a supplemental brief, ask us to clarify the terms "settle" and "close." We decline to do so. TEX.PROB.CODE ANN. § 745 (Vernon Supp.1994) provides that the guardianship of the estate of a ward is settled and closed when the ward dies. We believe that further clarification, if necessary, should be addressed by the legislature.

Appellants' sole point of error is overruled. The judgment of the trial court is affirmed.