TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00239-CV






Ruth Woollett and Jane Vorwerk, Appellants



v.



Bill Matyastik, Temporary Guardian of the Person of Rose Matyastik, Appellee






FROM THE 20TH DISTRICT COURT OF MILAM COUNTY, JUDICIAL DISTRICT


NO. 26,003, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING 






PER CURIAM


 On May 14, 1999, appellants Ruth Woollett and Jane Vorwerk filed a notice of
appeal complaining of a May 7, 1999 trial-court order. Appellants had previously filed a petition
for mandamus relief from the same trial-court order, which this Court granted in part and denied
in part. See In re Woollett and Vorwerk, No. 03-99-233-CV (Tex. App.--Austin, May 13, 1999)
(orig. proceeding) (not designated for publication). 

 The trial court initially appointed Bill Matyastik as the temporary guardian for Rose
Matyastik, the mother of Bill and appellants, and signed a temporary injunction prohibiting
appellants from various activities. Since the filing of this accelerated appeal, this Court has been
informed that Mrs. Matyastik died on June 8, 1999. The May 7, 1999 order, inter alia, modified
the temporary injunction, enforced by order of contempt certain provisions of the injunction,
terminated the appellants' rights to visit their mother without invitation from the temporary
guardian, and imposed sanctions against appellants. The trial court held appellants in contempt
of court for violation of the temporary injunction and assessed a $15,000 sanction against
appellants for their violations of the temporary injunction which have increased attorney's fees and
costs for the estate of Mrs. Matyastik. For reasons set forth in the opinion, this Court set aside
those paragraphs in the May 7, 1999 order which held appellants in contempt and assessed the
$15,000 sanction. See In re Woollett and Vorwerk, No. 03-99-233-CV, slip op. at 4-5 (Tex.
App.--Austin, May 13, 1999) (orig. proceeding) (not designated for publication). Both parties
filed motions for rehearing of this Court's opinion, which have both been overruled. 

 Following a May 17, 1999 jury trial on the application of Bill Matyastik to be
appointed the permanent guardian for Mrs. Matyastik, the trial court signed an order dated
May 20, 1999, appointing him the permanent guardian of the person and estate of Mrs. Matyastik. 
On June 1, 1999, this Court asked the parties to explain why the accelerated appeal of the May
7, 1999 order should not be dismissed as moot in light of the appointment of a permanent
guardian. Although both parties argued that this appeal should remain pending, appellee
acknowledged that the injunctive provisions of the May 7, 1999 order were moot. Since being
informed that Mrs. Matyastik died, this Court again requested the parties to explain why the
appeal should remain pending. Appellants argue that it should remain pending; appellee did not
respond.

 The May 7, 1999 order contained eleven paragraphs of rulings by the trial court. 
After this Court's opinion in the mandamus, the remaining provisions in the order provide that: 
(1) appellants are enjoined from going on the premises of Central Texas Hospital to visit Mrs.
Matyastik unless invited by the temporary guardian and from harassing hospital employees; (2)
appellants are enjoined from harassing or threatening the temporary guardian, other members of
the Matyastik family or any "other party herein;" (3) certain discovery must be answered by
appellants and certain discovery propounded by appellants is denied; (4) appellants are enjoined
from signing Mrs. Matyastik's name to anything, including pleadings; and (5) appellants' motion
to remove the temporary guardian is denied. 

 The remaining provisions of the order listed above pertain directly or indirectly to
the guardianship; the guardianship ceased to exist upon the death of Mrs. Matyastik. See Carroll
v. Carroll, 893 S.W.2d 62, 68 (Tex. App.--Corpus Christi 1994, no writ); Tex. Prob. Code Ann.
§ 745(a)(2) (West Supp. 1999) (guardianship of the estate of a ward is settled and closed when an
incapacitated ward dies). 

 In light of this Court's opinion on the mandamus, which set aside the contempt and
sanctions provisions in the May 7, 1999 order, leaving only provisions relating to the
guardianship, and given that Mrs. Matyastik is now deceased, we conclude this appeal is moot. 
Accordingly, we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a). 
Appellants' Motion to Suspend Enforcement of Orders filed in the above-referenced cause is
overruled. 


Before Justices Jones, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: July 15, 1999

Do Not Publish



UDICIAL DISTRICT


NO. 26,003, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING 






PER CURIAM


 On May 14, 1999, appellants Ruth Woollett and Jane Vorwerk filed a notice of
appeal complaining of a May 7, 1999 trial-court order. Appellants had previously filed a petition
for mandamus relief from the same trial-court order, which this Court granted in part and denied
in part. See In re Woollett and Vorwerk, No. 03-99-233-CV (Tex. App.--Austin, May 13, 1999)
(orig. proceeding) (not designated for publication). 

 The trial court initially appointed Bill Matyastik as the temporary guardian for Rose
Matyastik, the mother of Bill and appellants, and signed a temporary injunction prohibiting
appellants from various activities. Since the filing of this accelerated appeal, this Court has been
informed that Mrs. Matyastik died on June 8, 1999. The May 7, 1999 order, inter alia, modified
the temporary injunction, enforced by order of contempt certain provisions of the injunction,
terminated the appellants' rights to visit their mother without invitation from the temporary
guardian, and imposed sanctions against appellants. The trial court held appellants in contempt
of court for violation of the temporary injunction and assessed a $15,000 sanction against
appellants for their violations of the temporary injunction which have increased attorney's fees and
costs for the estate of Mrs. Matyastik. For reasons set forth in the opinion, this Court set aside
those paragraphs in the May 7, 1999 order which held appellants in contempt and assessed the
$15,000 sanction. See In re Woollett and Vorwerk, No. 03-99-233-CV, slip op. at 4-5 (Tex.
App.--Austin, May 13, 1999) (orig. proceeding) (not designated for publication). Both parties
filed motions for rehearing of this Court's opinion, which have both been overruled. 

 Following a May 17, 1999 jury trial on the application of Bill Matyastik to be
appointed the permanent guardian for Mrs. Matyastik, the trial court signed an order dated
May 20, 1999, appointing him the permanent guardian of the person and estate of Mrs. Matyastik. 
On June 1, 1999, this Court asked the parties to explain why the accelerated appeal of the May
7, 1999 order should not be dismissed as moot in light of the appointment of a permanent
guardian. Although both parties argued that this appeal should remain pending, appellee
acknowledged that the injunctive provisions of the May 7, 1999 order were moot. Since being
informed that Mrs. Matyastik died, this Court again requested the parties to explain why the
appeal should remain pending. Appellants argue that it should remain pending; appellee did not
respond.

 The May 7, 1999 order contained eleven paragraphs of rulings by the trial court. 
After this Court's opinion in the mandamus, the remaining provisions in the order provide that: 
(1) appellants are enjoined from going on the premises of Central Texas Hospital to visit Mrs.
Matyastik unless invited by the temporary guardian and from harassing hospital employees; (2)
appellants are enjoined from harassing or threatening the temporary guardian, other members of
the Matyastik family or any "other party herein;" (3) certain discovery must be answered by
appellants and certain discovery propounded by appellants is denied; (4) appellants are enjoined
from signing Mrs. Matyastik's name to anything, including pleadings; and (5) appellants' motion
to remove the temporary guardian is denied. 

 The remainin