TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-99-00353-CV







Ruth Woollett and Jane Vorwerk, Appellants



v.



Bill Matyastik, Temporary Guardian of the Estate and Person


of Rose Matyastik, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 26,003, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM

 We grant the motion for rehearing, withdraw our prior opinion and judgment dated
December 16, 1999, and substitute the following opinion. 

 On September 28, 1998, the district court appointed Bill Matyastik the temporary
guardian of the person and estate of his mother, Rose Matyastik. Bill continued to act as
temporary guardian until May 20, 1999, when, following a jury trial, the court signed an order
appointing Bill permanent guardian of the person and estate of Ms. Matyastik. Ms. Matyastik
died June 8, 1999. In this appeal, Ruth Woollett and Jane Vorwerk, also children of Ms.
Matyastik, challenge the district court's appointment of Bill as guardian. Our original opinion
dismissed the appeal of the appointment of Bill as permanent guardian as moot. 

 On motion for rehearing, appellants complain that the district clerk failed to file
the clerk's record for which appellants' had paid. Since receipt of the motion for rehearing, the
clerk's record has been filed in this Court. Appellants also argue (1) that the district court lacked
jurisdiction to order the appointment of temporary guardian and the appointment of the permanent
guardian because of defects in the service of process. Appellants contend that Ms. Matyastik, her
sibling and Ms. Matyastik's adult children were not properly served. 


Temporary Guardianship

 Section 875 of the Probate Code requires that upon the filing of an application for
temporary guardianship, the clerk shall issue notice to be served on the respondent (ward) and the
respondent's appointed attorney. Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex.
Gen. Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West
Supp. 2000). Here, Bill filed an Application for Appointment of Guardian of the Estate and
Person in Milam County Court July 7, 1998. Ms. Matyastik filed a pro se answer and an
amended pro se answer on July 20. The amended answer requested the case be transferred to
district court. Appellants each filed contests to the application on July 20. The county court
transferred the matter to district court on July 20.

 On September 1, Bill filed an Application for Appointment of Bill Matyastik as
Temporary Guardian of Person and Estate of Rose Matyastik in which he also requested a
temporary restraining order. On the same day, the district court appointed Ms. Matyastik an
attorney ad litem, appointed Bill temporary guardian, entered a temporary restraining order, and
set the hearing on the temporary guardianship for September 10. (2) The record reflects that Ms.
Matyastik was served with Bill's September 1 application on September 2. (3) Because the record
affirmatively shows that Ms. Matyastik was served, there is no defect in service sufficient to
deprive the court of jurisdiction. 

 Section 875 does not require service in a temporary guardianship on the ward's
children (4) or siblings. See Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex. Gen.
Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West Supp.
2000). Thus, any alleged service defect on Ms. Matyastik's sibling or Ms. Matyastik's children
in the temporary guardianship proceeding is not relevant to a jurisdictional challenge. 


Permanent Guardianship

 Section 633 requires personal service on the proposed ward by a sheriff or other
officer. Tex. Prob. Code Ann. § 633(c)(1) (West 2000). In addition, either the clerk or the
applicant shall mail a copy of the notice by registered or certified mail, return receipt requested
to all adult siblings and all adult children of the proposed ward. Id. § 633(d)(1). (5) Here, the
record does not contain proof of service on those required by section 633(d)(1). 

 The appointment of a guardian does not take effect until the guardian qualifies as
required by law. See Williams v. Foster, 229 S.W. 896, 898 (Tex. Civ. App.--Amarillo 1921, 
no writ). A guardian is deemed duly qualified if the guardian has taken and filed the oath required
by Texas Probate Code section 700, made the required bond, filed it with clerk and had the court
approve the bond. Tex. Prob. Code Ann. § 699 (West Supp. 2000). A guardian has twenty days
from the date of the order granting letters of guardianship to qualify. Id. § 701. According to
the clerk's record, Bill did not file a bond after the district court appointed him permanent
guardian. Therefore, Bill did not qualify as Ms. Matyastik's guardian. Because Ms. Matyastik
died before Bill qualified as guardian, an appeal alleging error in his appointment as guardian is
moot. See Mason v. Barnard, 381 S.W.2d 85, 86 (Tex. Civ. App.--San Antonio 1964, writ ref'd
n.r.e.).

 A guardianship ceases to exist upon the death of the ward. See Carroll v. Carroll,
893 S.W.2d 62, 68 (Tex. App.--Corpus Christi 1994, no writ); Tex. Prob. Code Ann. § 745 (a)(2)
(West Supp. 2000) (guardianship of the estate of a ward is settled and closed when an
incapacitated ward dies). When Ms. Matyastik died the guardianship ceased to exist. See
Carroll, 893 S.W.2d at 68. Because there is no guardianship after the ward dies, any alleged
service defects relating to the permanent guardianship proceeding are moot. 

 Accordingly, we dismiss this appeal as moot. See Tex. R. App. P. 42.3(a). 
Because the clerk's record has been filed in this case, appellants' motion to compel the district
clerk to file the record and return the case to county court is also dismissed as moot. 



Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Appeal Dismissed as Moot

Filed: February 17, 2000

Do Not Publish
1. Appellants raise other issues in their rehearing; however, they fail to present arguments
or authority, and therefore waive those issues. Cherco Properties, Inc. v. Law, Snakard &
Gambill, P.C., 985 S.W.2d 262, 266-67 (Tex. App.--Fort Worth 1999, no pet.); Tex. R. App.
P. 38.1(h).
2. The paper evidencing notice of the September 10 setting is before us in another pending
appeal in the same cause, Woollett v. Matyastik, No. 03-99-0208-CV. 
3. The papers evidencing service on Ms. Matyastik are before us in another pending appeal
in the same cause, Woollett v. Matyastik, No. 03-99-00208-CV. 
4. Bill's original application for guardianship listed Ms. Matyastik's children on the
certificate of service. Bill's September 1st application requested the clerk to serve the children. 
5. Although not relevant to this appeal, section 633(d) contains a list of others to be served.



ent to
deprive the court of jurisdiction. 

 Section 875 does not require service in a temporary guardianship on the ward's
children (4) or siblings. See Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex. Gen.
Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West Supp.
2000). Thus, any alleged service defect on Ms. Matyastik's sibling or Ms. Matyastik's children
in the temporary guardianship proceeding is not relevant to a jurisdictional challenge. 


Permanent Guardianship

 Section 633 requires personal service on the proposed ward by a sheriff or other
officer. Tex. Prob. Code Ann. § 633(c)(1) (West 2000). In addition, either the clerk or the
applicant shall mail a copy of the notice by registered or certified mail, return receipt requested
to all adult siblings and all adult children of the proposed ward. Id. § 633(d)(1). (5) Here, the
record does not contain proof of service on those required by section 633(d)(1). 

 The appointment of a guardian does not take effect until the guardian qualifies as
required by law. See Williams v. Foster, 229 S.W. 896, 898 (Tex. Civ. App.--Amarillo 1921, 
no writ). A guardian is deemed duly qualified if the guardian has taken and filed the oath required
by Texas Probate Code section 700, made the required bond, filed it with clerk and had the court
approve the bond. Tex. Prob. Code Ann. § 699 (West Supp. 2000). A guardian has twenty days
from the date of the order granting letters of guardianship to qualify. Id. § 701. According to
the clerk's record, Bill did not file a bond after the district court appointed him permanent
guardian. Therefore, Bill did not qualify as Ms. Matyastik's guardian. Because Ms. Matyastik
died before Bill qualified as guardian, an appeal alleging error in his appointment as guardian is
moot. See Mason v. Barnard, 381 S.W.2d 85, 86 (Tex. Civ. App.--San Antonio 1964, writ ref'd
n.r.e.).

 A guardianship ceases to exist upon the death of the ward. See Carroll v. Carroll,
893 S.W.2d 62, 68 (Tex. App.--Corpus Christi 1994, no writ); Tex. Prob. Code Ann. § 745 (a)(2)
(West Supp. 2000) (guardianship of the estate of a ward is settled and closed when an
incapacitated ward dies). When Ms. Matyastik died the guardianship ceased to exist. See
Carroll, 893 S.W.2d at 68. Because there is no guardianship after the ward dies, any alleged
service defects relating to the permanent guardianship proceeding are moot. 

 Accordingly, we dismiss this appeal as moot. See Tex. R. App. P. 42.3(a). 
Because the clerk's record has been filed in this case, appellants' motion to compel the district
clerk to file the record and return the case to county court is also dismissed as moot. 



Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Appeal Dismissed as Moot

Filed: February 17, 2000

Do Not Publish
1. Appellants raise other issues in their rehearing; however, they fail to present arguments
or authority, and therefore waive those issues. Cherco Properties, Inc. v. Law, Snakard &
Gambill, P.C., 985 S.W.2d 262, 266-67 (Tex. App.--Fort Worth 1999, no pet.); Tex. R. App.
P. 38.1(h).
2. The paper evidencing notice of the September 10 setting is before us in anoth