COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | No. 08-20-00023-CV |
|---|---|---|
| IN THE MATTER OF THE | § | Appeal from the |
| GUARDIANSHIP OF LUIS VENEGAS. | | |
| | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC# 2019-CGD00154) |

## **O P I N I O N**

This is an appeal from an order appointing a permanent guardian of the person of Luis Venegas. After the appeal was fully briefed and submitted to the Court for decision, Venegas' attorney ad litem filed a suggestion of his death and asserted that this appeal is moot as a result. We instructed Appellee Texas Health and Human Services Commission ("HHSC") to file a response, if any, within ten days of November 30, 2020. We further stated that, absent receipt of a response, the appeal may be submitted for dismissal without further notice. We have not received any response from HHSC.

"An appeal is moot when a court's action on the merits cannot affect the rights of the parties." *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (citing *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993)). For this reason, the death of a party may render an appeal moot. *Id.* But that is not necessarily so. For example, the issue in *Zipp* was whether the trial court erred

by removing the guardian of a ward's person and estate. *See id.* at 72. The ward died during the pendency of the appeal. *Id.* The appeal was not rendered moot, however, because whether the guardian was removed for just cause remained a live controversy that affected her entitlement to fees and her obligation to pay the costs and attorney's fees incurred due to her removal. *Id.* at 73.

In the present case, however, there is no such controversy that survives Venegas' death. The issues presented on appeal are whether the trial court abused its discretion by granting the guardianship of Venegas' person and by finding that Venegas was totally incapacitated.[1] In other words, the issue at hand contests the creation of the guardianship itself.

"It is axiomatic that, with the death of the ward, the guardianship of the person must end." *Id.* at 74. Once the ward is deceased, "any issue concerning [his] incapacity and the need for a guardianship is moot and the only remaining issue is to close the guardianship estate." *In re Guardianship of Hatch*, No. 09-14-00006-CV, 2015 WL 6521202, at *2 (Tex. App.—Beaumont Oct. 29, 2015, no pet.) (mem. op.); *see Whatley v. Walker*, 302 S.W.3d 314, 320 n.10 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (appeal of order appointing permanent guardianship over person became moot upon death of ward); *Mason v. Barnard*, 381 S.W.2d 85, 86 (Tex. App.—San Antonio 1964, writ ref'd n.r.e.) (death of ward rendered appeal moot insofar as it challenged appointment of guardian of person).

The guardianship of Venegas' person has ceased to exist. Determining whether it should ever have existed can no longer affect any party's rights. We dismiss this appeal as moot.

---

[1] An additional issue asserts that the trial court abused its discretion by refusing to permit Venegas to make a bill of exception. The excluded evidence was offered in relation to the issues of capacity and the necessity of a guardianship. For that reason, this additional issue ultimately bears only on whether the guardianship should have been granted.

GINA M. PALAFOX, Justice

December 30, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.