Francisco X. GUTIERREZ, Appellant,

v.

ESTATE OF Rebecca GUTIERREZ, N.C.M., Appellee.

No. 04-89-00265-CV.

Court of Appeals of Texas, San Antonio.

March 21, 1990.

Pepos S. Dounson, Ralph M. Mayen, Jr., San Antonio, for appellant.

Robert D. Reed, Reed, Manning & Scott, San Antonio, Ronald F. Becker, Gish, Radtke & Becker, Boerne, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

OPINION

CARR, Justice.

This is an appeal from a default judgment entered in favor of a successor guardian and against a removed guardian for costs of removal and damages for breach of fiduciary duties based upon fraud and conversion of the assets of the estate.

The record reflects that appellee is an estate in guardianship administered under Cause No. 86-PC-0536 in Probate Court No. 2, Bexar County, Texas. The successor guardian, Anita Gutierrez Sepulveda, brought this suit in June, 1987, on behalf of appellee against appellant, a removed guardian, pursuant to TEX.PROB.CODE ANN. § 233 (Vernon 1980). In June, 1988, appellee moved for substituted service pursuant to TEX.R.CIV.P. 106(b). On July 5, 1988, substituted service was had upon appellant and, pursuant to such service, a default judgment against appellant was rendered and signed on October 4, 1988. Appellant presents this appeal from such default judgment.

In a pre-submission motion, appellant challenges the jurisdiction of the trial court to grant default judgment in October, 1988, due to the death of the ward on April 10, 1988. Appellant argues that upon the death of the ward, the trial court had no authority to act in this cause, except to settle and close the guardianship pursuant to TEX.PROB.CODE ANN. § 404 (Vernon Supp.1990). We agree.

Jurisdiction not only embraces the power to hear, but includes as well the authority to enter a judgment. *Orr v. International Bank of Commerce,* 649 S.W.2d 769, 771 (Tex.App.—San Antonio 1983, no writ). Lack of jurisdiction (to enter judgment) in the trial court is funda-

mental error, subject to review for the first time on appeal. *Id.* We therefore will review the trial court's jurisdiction to enter the appealed default judgment.

TEX.PROB.CODE ANN. § 404 (Vernon Supp.1990) provides:

(a) Administration of the ... guardianship of the persons and estates of wards shall be settled and closed:

. . . .

(3) when an incompetent ward dies....

■■■ It has long been the public policy of this state that when a ward dies, the probate court loses jurisdiction of the guardianship matter, save and except that the guardianship shall be immediately settled and closed, and the guardian discharged as provided for by law. *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 428 (1932). Upon the death of a ward, the guardianship terminates and the powers of the guardian and of the probate court over the ward's estate cease, except to require the filing of a final account to settle same in accordance with the statute. *Baldwin v. Davis Hill Oil Co.,* 245 S.W.2d 353, 359 (Tex.Civ.App.—Beaumont 1952, writ ref'd n.r.e.); *See also Files v. Buie,* 131 Tex. 19, 22, 112 S.W.2d 714, 716 (Tex.Comm'n App. 1938, opinion adopted).

■■■ A judgment of a court having no jurisdiction of the subject matter of adjudication is void. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985); *Easterline v. Bean,* 49 S.W.2d at 428. Here, the October 4, 1988 judgment, rendered in favor of the guardianship, was heard and entered after the death of the ward on April 10, 1988. We therefore hold that the judgment is void and the trial court lacked subject matter jurisdiction to render and enter such judgment because of the death of the ward.

Appellant's motion is granted and we therefore need not address appellant's assigned points of error. TEX.R.APP.P. 90(a).

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a judgment of dismissal.