### In the Matter of the ESTATE OF Eugene J. GLASS.

### No. 01–96–00694–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1997.

Van E. Wittner, Houston, for Appellant.

Frank E. Sanders, Houston, for Appellee.

Before NUCHIA, COHEN and ANDELL, JJ.

### OPINION

NUCHIA, Justice.

This is an appeal from an order requiring the guardian of an incompetent ward to submit a final accounting and discontinue his guardianship upon the death of the ward. We affirm.

### BACKGROUND

In July 1993, a guardianship of the person and estate of Eugene Glass was established due to his incompetency. Several months later, appellant, Van E. Wittner, replaced the original guardian and assumed the duties of Glass's successor guardian. Following the death of Glass, the court ordered Wittner to file a final accounting and terminate the guardianship. Wittner filed a motion to reconsider the order terminating the guardianship, arguing the guardianship could not be closed until he had an opportunity to collect and liquidate assets of the ward to pay expenses and creditors of Glass's estate. The trial court denied Wittner's motion to recon-

---

**6.** Because of our disposition of point of error one, we need not address points of error two and three.

sider and, upon Wittner's request, filed findings of fact and conclusions of law.

## DISCUSSION

■ In a single point of error, Wittner now contends the trial court erred in concluding that, once Glass died, the court was without jurisdiction to take any action with respect to the guardianship other than ordering Wittner to make a final accounting and conclude the guardianship. The sole issue presented, therefore, is purely a question of law. We review the trial court's conclusions of law *de novo*. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

In *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 428 (1932), the Supreme Court of Texas declared "it has long been the public policy of this state that, when a ward dies, the probate court loses jurisdiction of the guardianship matter, save and except that the guardianship shall be immediately settled and closed, and the guardian discharged." This rule has been often repeated by the courts of appeals of this state. *See, e.g.,* *Carroll v. Carroll*, 893 S.W.2d 62, 68 (Tex. App.—Corpus Christi 1994, no writ); *Gutierrez v. Estate of Gutierrez*, 786 S.W.2d 112, 113 (Tex.App.—San Antonio 1990, no writ).

In this case, however, Wittner contends that, in light of recent amendments to the Texas Probate Code, *Easterline* is no longer applicable and is of no use in disposing of this case. Wittner further contends each of the 46 sections of the Probate Code mentioned in his brief somehow supports his contention that, following the death of an incompetent ward, the trial court retains jurisdiction to "continue the [guardian's] orderly administration" of the deceased ward's estate. We disagree.

Under the current statutory scheme, "a guardianship of the estate of a ward is settled and closed when ... an incapacitated ward dies." TEX.PROB.CODE ANN. § 745(a)(2) (Vernon Supp.1997). When the guardianship is terminated pursuant to section 745, "the guardian shall deliver the property [of the deceased ward] to the personal representative of the deceased ward's estate or other person entitled to the property." TEX.PROB.

CODE ANN. § 747(a) (Vernon Supp.1997). In order to settle and close the guardianship of a deceased ward, the guardian must submit a final accounting. TEX.PROB.CODE ANN. § 749 (Vernon Supp.1997). Finally, upon accepting the final accounting, the court shall order "any part of the estate [of the deceased ward] remaining in the hands of the guardian" delivered to the personal representative of the deceased ward's estate or any other person legally entitled to the estate. TEX. PROB.CODE ANN. § 752(b) (Vernon Supp. 1997).

■ Upon the passing of Glass, Wittner was no longer Glass's guardian—the guardian of a deceased person represents no one. *See Easterline*, 49 S.W.2d at 429. As the former guardian of Glass's estate, Wittner's only role—and the only action the trial court had jurisdiction to order Wittner to perform—was to submit a final accounting and conclude the guardianship.

*Easterline* was decided 65 years ago under a statutory scheme that differentiated between the probate court's jurisdiction to administer the guardianship of an incompetent ward and the jurisdiction of a probate court to oversee the administration of a deceased's estate. *See Easterline*, 49 S.W.2d at 428–30. Despite the revisions to the probate code since *Easterline* was decided, however, we conclude the guardianship scheme of this state still contemplates a distinction between the administration of the estate of a ward and the administration of a deceased ward's estate. We hold, therefore, the trial court did not err in ordering Wittner to submit a final accounting and settle and close the guardianship following the death of Glass.

We overrule Wittner's sole point of error.

We affirm the judgment of the trial court.