In thhe Estate of Joe Ray Hatter, Deceased
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-141-CV

IN THE ESTATE OF JOE RAY HATTER, DECEASED
                                                                     

From the County Court at Law
McLennan County, Texas
Trial Court # 94-0275 PR1
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
 
     Max Hatter (Max) appeals from the granting of a summary judgment denying his petition for
partition and distribution of his father’s estate. He presents one issue for review, contending that
the court erred because a genuine issue of material fact exists. Joe Ray Hatter, Jr. (Joe Ray),
Max’s brother who is the Appellee, questions the jurisdiction of the trial court. Because we find
that the court lacked jurisdiction, we will vacate the summary judgment and remand the cause to
the trial court with instructions to dismiss it for want of jurisdiction.
FACTS
      In April 1994, Joe Ray Hatter, Sr. (“Hatter”) died and left his estate to Max and Joe Ray in
equal shares. The will was admitted to probate in the constitutional county court of McLennan
County, and Max and Joe Ray qualified as “Co-Independent Executors.” The estate consists of
real estate, cattle, and various personal property. The only portion of the estate at issue in this
appeal is the real estate.
      The will did not provide for a means to partition the estate. In addition to the property left
to Max and Joe Ray by the will, they also received, as remaindermen, nearly 300 acres of land
of which their father had been a life-estate owner. Their grandfather had directed in his will that
the land would become theirs as tenants-in-common when Hatter died. Again, no specific method
of partition was prescribed. These two parcels of land will be jointly referred to as “the real
estate.”
      After Hatter’s will was admitted to probate, Max and Joe Ray agreed to a manner in which
to divide both the real estate and the cattle. They agreed that Joe Ray would divide the cattle into
two herds and Max would have first choice between the herds, while Max would divide the real
property into two parcels and Joe Ray would have the opportunity to choose the parcel that he
wished to own. The cattle division was completed in June of 1994 and a division of the real estate
was agreed to in July. A surveyor was employed, purportedly to survey a fence line to divide the
two tracts. Following the survey of the fence line, a fence was erected. It is undisputed that Max
and Joe Ray each took possession of one tract of land, paid taxes on it, and collected government
subsidy payments for it. The completed survey showed that Joe Ray’s tract of land contains
303.38 acres, while Max received only 209 acres of land. Unhappy with the substantial difference
in acreage, Max filed a petition for partition of all the land.


 Joe Ray defended on grounds that:
1) the court did not have jurisdiction, and 2) the property was already partitioned. He also
asserted theories based on waiver, promissory estoppel, and accord and satisfaction. On Max’s
motion, the constitutional county court transferred the case to the County Court at Law under the
authority of section 5(c) of the Probate Code. Tex. Prob. Code Ann. § 5(c) (Vernon Supp.
1999). Later, Joe Ray filed a motion for summary judgment, which was granted, and from which
Max now appeals. 
JURISDICTION
      Joe Ray contested the court’s jurisdiction over this case. He urges that property which has
already vested cannot be subject to probate and therefore the county court did not have jurisdiction
to partition it. He also maintains that only the District Court has jurisdiction to partition vested
real estate.
      Max urges that the county court had jurisdiction because the Probate Code gives it jurisdiction
to partition and distribute the estate of a testator when the will fails to provide a means for
partition of the estate. In addition, he argues that the county court had jurisdiction over the land
that vested in the brothers as remaindermen because its division is incident to their father’s estate. 
      A judgment of a court having no jurisdiction of the subject matter of adjudication is void. 
Gutierrez v. Estate of Gutierrez, 786 S.W.2d 112, 113 (Tex. App.—San Antonio 1990, no writ). 
Subject-matter jurisdiction is a fundamental stricture on the power of the court and a person's
voluntary participation in the trial cannot confer subject-matter jurisdiction where it does not
otherwise exist. Abderholden v. Morizot, 856 S.W.2d 829, 832 (Tex. App.—Austin 1993, no
writ).
The Probate Code
      “Texas probate jurisdiction is, to say the least, somewhat complex.” Palmer v. Coble Wall
Trust Co., 851 S.W.2d 178, 185 n.3 (Tex. 1992).
      The Probate Code gives constitutional county courts jurisdiction over probate proceedings. 
Section four provides that:
The county court shall have the general jurisdiction of a probate court. It shall probate
wills, grant letters testamentary and of administration, settle accounts of personal
representatives, and transact all business appertaining to estates subject to administration,
including the settlement, partition, and distribution of such estates. 

Tex. Prob. Code Ann. § 4 (Vernon Supp. 1999). 
      In counties having a statutory county court at law exercising the jurisdiction of a probate court
(as is McLennan County), the county court at law and the constitutional court have concurrent
jurisdiction over probate matters. Id. § 5(c). To assure that contested probate matters are heard
by a judge who is a lawyer, that section also allows the constitutional county judge to transfer
contested matters to a statutory court on his own motion and requires that he transfer contested
matters on motion of a party. Id. The transferee court may hear the contested matter “as if
originally filed in such court.” Id.
      Section 145(h) of the Probate Code, however, provides:
When an independent administration has been created, and the order appointing an
independent executor has been entered by the county court, and the inventory, appraisement,
and list aforesaid has been filed by the executor and approved by the county court, as long as
the estate is represented by an independent executor, further action of any nature shall not be
had in the county court except where this Code specifically and explicitly provides for some
action in the county court.

Id. § 145(h) (Vernon 1980). Based on this section, the Amarillo Court has recently held:
[E]xcept where there is some specific and explicit provision for some action in probate
court, even an independent executor could not invoke the jurisdiction of the probate court in
matters pertaining to the estate. And the jurisdiction of all claims against the estate, and other
causes of action not regulated by special statute, was in district court, not the probate court. 
 
Estate of Lee, 981 S.W.2d 288, 291 (Tex. App.—Amarillo 1998, no pet.).


 The purpose of this
restraint upon the probate court is to free the independent executor from judicial supervision and
to effect the distribution of an estate with a minimum of costs and delays. Burke v. Satterfield,
525 S.W.2d 950, 955 (Tex. 1975). This provision denies the probate court the right to entertain
the partition suit unless some other provision of the Probate Code “specifically and explicitly”
confers the power on that court to hear the suit. Sweeney v. Sweeney, 668 S.W.2d 909, 910 (Tex.
App.—Houston [14th Dist.] 1984, no writ); see also Carroll v. Carroll, 893 S.W.2d 62, 66 (Tex.
App.—Corpus Christi 1994, no writ). Max points to section 5(e).
      Section 5(e) of the Probate Code provides that “[a]ll courts exercising original probate
jurisdiction” also have the power to hear matters incident to the estate. Id. § 5(e) (Vernon Supp.
1999). Section 5A(a) details what is “appertaining to” and “incident to” an estate in county court:
the probate of wills, the issuance of letters testamentary and of administration, the determination
of heirship, claims by or against an estate, actions for trial of title to land incident to an estate and
for the enforcement of liens thereon incident to an estate, actions for trial of the right of property
incident to an estate, actions to construe wills, and generally all matters relating to the settlement,
partition, and distribution of estates of deceased persons. Id. 5A(a) (Vernon Supp. 1999). 
      The trend has been to read “incident to an estate” broadly. Christy D. Brown, Probate
Jurisdiction: Is There A Method To The Madness?, 47 Baylor L. Rev. 529, 539 (1995). In Seay
v. Hall, the Supreme Court held that district courts, rather than statutory probate courts, have
jurisdiction over wrongful death and survival actions because those actions are not “incident to an
estate.” 677 S.W.2d 19, 23 (Tex. 1984). The Court stated that the “incident to an estate”
language was “designed to limit probate court jurisdiction to matters in which the controlling issue
. . . was the settlement, partition, or distribution of an estate.” Id.



      We do not, however, read section 5(e) to “specifically and explicitly” confer on a
constitutional county court the power to hear further matters during an independent administration. 
Thus, we hold that the constitutional county court had no jurisdiction to hear Max’s partition suit. 
Because it lacked jurisdiction, its attempt to transfer the case to the county court at law was void.


 
Gutierrez, 786 S.W.2d at 113.
CONCLUSION
      We vacate the summary judgment and remand the cause to the county court at law with
instructions to dismiss it for lack of jurisdiction.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Judgment vacated and remanded with instructions
Opinion delivered and filed August 11, 1999
Do not publish



an style="font-size: 12pt">                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed 
Opinion delivered and filed January 19, 2000
Publish