In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00052-CR


______________________________




BOBBY FRED WILLIAMS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 98-0106X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Bobby Fred Williams, Jr., the appellant in this case, has filed a motion signed both by himself
and by his counsel seeking to dismiss his appeal. Pursuant to Rule 42.2 of the Texas Rules of
Appellate Procedure, the motion is granted. See Tex. R. App. P. 42.2.

 We dismiss the appeal.



 Bailey Moseley

 Justice


Date Submitted: September 25, 2007

Date Decided: September 26, 2007


Do Not Publish



a cross-claim against Taylor
seeking a declaratory judgment regarding the ownership of the two bank accounts. A jury trial was
conducted regarding the ownership of the two accounts, and the jury found that all funds were
contributed to the bank accounts by L. A. Moon. The trial court entered a judgment finding both
accounts were owned by L. A. Moon and directing the bank to tender the funds to L. A. Moon's
guardian. On appeal, Kenneth complains (in his sole point of error) that the trial court did not decide
all of the issues before it, and he also complains because the trial court assessed costs against him.

 We initially point out that this point of error, which addresses more than one specific ground
of error, is multifarious. Bell v. Tex. Dep't of Crim. Justice--Institutional Div., 962 S.W.2d 156, 157
n.1 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); City of San Antonio v. Rodriguez, 856
S.W.2d 552, 555 n.2 (Tex. App.--San Antonio 1993, writ denied). When a court concludes that a
point of error is multifarious, it may refuse to review it, or it may consider the point of error if it can
determine with reasonable certainty the error about which the complaint is made. Bell, 962 S.W.2d
at 157 n.1. 

 In this instance, so far as we can fairly do so, we choose to address the issues raised. 

I. Finality of the Order 

 Kenneth and Taylor take diametrically different positions about the procedural posture of this
case. Kenneth argues that not only is the judgment final, but that a number of other claims
(unspecified by Kenneth) are also therefore final. Taylor argues that the judgment is interlocutory
and not yet ripe for appeal because the trial court intended to have separate trials for some causes and
announced its intention, but failed to enter a separate trial order.

 As a general rule, a party may appeal only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). This Court has jurisdiction over appeals from final
decisions of trial courts and from interlocutory orders as provided by statute. Id.; see Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2006). 

 This judgment was on a jury verdict. A judgment rendered after a conventional trial on the
merits that is not intrinsically interlocutory in nature, where no order for severance has been entered,
will be presumed to dispose of all parties and all issues. N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893 (Tex. 1966); Archer Daniels Midland Co. v. Bohall, 114 S.W.3d 42, 45 (Tex.
App.--Eastland 2003, no pet.). 

 The Texas Supreme Court recently revisited these concepts in a pair of opinions. In John v.
Marshall Health Servs., Inc., 58 S.W.3d 738, 740 (Tex. 2001), and Moritz v. Preiss, 121 S.W.3d
715, 719 (Tex. 2003), the court reaffirmed the finality presumption for judgments rendered after a
full trial on the merits, but not mentioning particular parties. In John, the court specifically found
that there was nothing to indicate the trial court did not intend the judgment to finally dispose of the
entire case. John, 58 S.W.3d at 740. The court discussed several factors that demonstrated the trial
court intended to dispose of the entire case, including the failure of any party to move for separate
trials, proceeding to trial against certain defendants only, and failing to move for an agreed judgment
or a dismissal of his claims against the other defendants. 

 In Moritz, as in John, the court recognized that there was nothing to indicate the trial court
did not intend to finally dispose of the entire case. The party did not request, and the trial court did
not enter, any orders for a separate trial against a remaining party, did not submit the other party's
liability to the jury, and did not object to the charge submitted. Therefore, the court concluded, the
finality presumption was "entirely appropriate" and the judgment was final. Moritz, 121 S.W.3d at
719. 

 In this case, the trial court did not mean to fully dispose of the entire case. A motion was
filed by Taylor to conduct a separate trial of the issue of the ownership of the two bank accounts
from other issues in the case, such as conversion and accounting. Alternatively, Taylor requested
the causes of action be severed. The trial court stated on the record that it was granting that motion
and limiting the trial to the specific issue of the ownership of particular bank accounts--and that was
the fashion in which the trial went forward. A formal order for separate trials was prepared and filed,
but was never signed. Further, the trial court's judgment, entered after the jury's verdict, concluded
with the sentence, "All relief not expressly granted on these issues herein is DENIED." The words
"on these issues" were handwritten into the otherwise typewritten judgment. 

 Based on the fact that a motion for a separate trial or severance on the ownership of the bank
accounts was filed, the trial court specifically stated in open court that the jury trial was limited to
those issues, a form was provided (but not signed) to authorize separate trials, and the language in
the judgment limiting relief to "these issues," the record clearly demonstrates that the trial court did
not intend for this judgment to finally dispose of all issues in the case. Therefore, we cannot say, as
in John and Moritz, that it is "entirely appropriate" to find that all issues were presumptively
disposed of by the judgment following the jury's verdict. Thus, we necessarily conclude that the
judgment rendered following the jury trial disposed only of the matters decided by the jury and that
the judgment entered was, at that point in time, interlocutory.

 We also recognize that some unique rules regarding judgment finality apply to matters
governed by the Texas Probate Code. See De Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006). 
However, the application of those rules will not be analyzed because another feature of this case
leads us to conclude that the order is final and appealable. Specifically, in this instance, the ward
has now died and the guardianship has been closed. 

 When a ward dies, the probate court loses jurisdiction of the guardianship matter, except for
the filing of the final accounting and closing of the guardianship--which has now happened, and the
guardianship has been closed. See Tex. Prob. Code Ann. § 745(a)(2) (Vernon Supp. 2006)
(guardianship of incapacitated ward is settled and closed when ward dies); Edwards v. Pena, 38
S.W.3d 191, 195 (Tex. App.--Corpus Christi 2001, no pet.); Carroll v. Carroll, 893 S.W.2d 62, 68
(Tex. App.--Corpus Christi 1994, no writ). 

 In Easterline v. Bean, the Texas Supreme Court declared "it has long been the public policy
of this state that, when a ward dies, the probate court loses jurisdiction of the guardianship matter,
save and except that the guardianship shall be immediately settled and closed, and the guardian
discharged." In re Estate of Glass, 961 S.W.2d 461, 462 (Tex. App.--Houston [1st Dist.] 1997, writ
denied) (quoting Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427, 428 (1932)).

 As a result, the guardianship under which this lawsuit was pursued has terminated, and no
further action can be taken in that proceeding. (1) 

 The trial court ruled on only one set of issues--and cannot now, in the guardianship
proceeding, rule on any others. The trial court stated its intention to try the remaining issues
separately, for convenience and clarity's sake. Before that could happen, an outside circumstance
terminated the authority of the trial court to enter any further ruling other than terminating the
guardianship. (2) We find this to have the same effect (for purposes of finality) as would an order
severing the causes. 

 Under these facts, we conclude that the judgment is final and appealable, and became so on
the date the trial court terminated the guardianship. Accordingly, the appeal is properly before us. 

II. The Merits

 Kenneth's first argument is that the "Trial Court erred by excluding some claims and issues
presented in the pleadings from the judgment." The brief does not provide any further specificity
as to the nature of those claims and issues. It does not state where in a voluminous record any such
claims might be found, and it does not provide any specific briefing on that matter at all. The only
discussion provided is in the form of a lengthy quotation apparently taken from Barr v. Resolution
Trust Corp., 837 S.W.2d 627 (Tex. 1992), that discusses res judicata--followed in Kenneth's brief
by this request: "Therefore the judgment should be reformed to include all issues and claims
between the parties that were raised or could have been raised in the litigation."

 Even if the brief adequately described the nature of any reformation sought, or the issues and
claims complained of, Barr does not stand for, or discuss, the suggestion that we should reform the
judgment. The issue is inadequately argued, and the brief does not refer to the record in any form
to support what we presume is the argument being raised. Further, the sole authority cited does not
support the conclusion Kenneth urges. (3) We find no basis for reforming the judgment. 

 Kenneth then argues,

 [t]he trial court also erred by assessing court costs against Kenneth Moon. The cost
of a guardianship proceeding "shall be paid out of the guardianship estate, or, if the
estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding
shall be paid out of the county treasury . . . . " Tex. Prob. Code § 669(a). 

 There is no additional briefing, no additional argument, and no further explanation of the
nature of the complaint. We presume Kenneth is complaining about the September 14, 2005,
judgment. We point out that the Texas Rules of Appellate Procedure require citations to the
record--which are necessary for this Court to be able to determine what documents the appellant is
complaining about, and also to be able to specifically identify the nature of the complaint about those
documents. There is no citation to the record contained within this brief. A copy of a judgment is
attached to Kenneth's brief, along with several other documents, and we will assume that this
judgment is the one complained of. That document contains a single line stating: "3. Costs in this
suit are to be borne by the party incurring same." Handwritten above the struck portion is: "Kenneth
Moon (JAII)."

 The cited statute is limited to the proceeding "in a guardianship matter." The few cases
discussing this section all involve disputes over a guardianship or ad litem fees for protecting a ward
or proposed ward, and also note that reimbursement by the estate depends on whether a contestant
to a guardianship prevailed in a claim against a guardian. See Overman v. Baker, 26 S.W.3d 506,
512-13 (Tex. App.--Tyler 2000, no pet.); Henderson v. Viesca, 922 S.W.2d 553, 560-61 (Tex.
App.--San Antonio 1996, writ denied). This is a separate claim, which could have been brought in
an entirely separate lawsuit and thereby prevented the procedural difficulties discussed earlier. This
dispute has nothing to do with a determination either about whether guardianship should be granted,
denied, or whether the guardian of the ward had acted in some improper manner. The mere fact that
it was filed in a guardianship proceeding does not make it such.

 The sole purpose of the judgment, as shown on the face of the judgment, was to order
Kenneth Moon to tender funds to L. A. Moon's guardian. Kenneth lost. The general guardianship
costs statute, on its face, does not apply to this proceeding; even if it did, the caselaw shows that, as
the loser in the suit, Kenneth would remain potentially liable for costs. 

 There is no citation to, or reference to any evidence presented concerning this issue. Kenneth
has not shown us that the trial court erred in assessing costs as it did.

 Further, we recognize that the general statute states that a losing party in a lawsuit is subject
to imposition of costs. Roberts v. Williamson, 111 S.W.3d 113, 124 (Tex. 2003). "The successful
party to a suit shall recover of his adversary all costs incurred therein, except where otherwise
provided." Tex. R. Civ. P. 131. If a court awards costs in a manner inconsistent with Rule 131, it
must state good cause for doing so on the record. Tex. R. Civ. P. 141. The trial court's allocation
of costs is reviewed under an abuse of discretion standard. Rogers v. Walmart Stores, Inc., 686
S.W.2d 599, 601 (Tex. 1985). Neither error nor an abuse of discretion, either under the Texas
Probate Code or other authority, has been shown by the briefing presented to this Court.

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: December 5, 2006 

Date Decided: February 6, 2007
1. This scenario highlights the problem that can be caused by pursuing--inside the
guardianship proceeding--an action that is properly a lawsuit separate and apart from the
guardianship proceeding and the management of the ward's estate. The ward dies, the proceeding
ends, and all parties are placed in a legal limbo of their own construction.
2. This also means that we could not with any effect remand the proceeding to the guardianship
court for further proceedings--the proceeding no longer exists, and the court has no further
jurisdiction over the now nonexistent guardianship. 
3. Appellate courts have no duty to make an independent search of the reporter's record to find
support for an appellant's contentions. Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d
279, 283 (Tex. 1994); Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197, 201 (1955). It is not the
proper job of this Court to create arguments for an appellant. We are restricted to addressing the
arguments actually raised, not those that might have been raised. Garcia v. Robinson, 817 S.W.2d
59 (Tex. 1991). We will not do the job of the advocate. Maranatha Temple, Inc. v. Enter. Prods.
Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied); Most Worshipful
Prince Hall Grand Lodge, Free & Accepted Masons of Tex. & Jurisdiction v. Jackson, 732 S.W.2d
407, 412 (Tex. App.--Dallas 1987, writ ref'd n.r.e.).