Reversed and Remand and Memorandum Opinion filed June 30, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00323-CV

___________________

 

Jerry Valdez, Appellant

 

V.

 

Bruce Robertson, Jr. and Dorothy H. Mello,
Appellee



 



 

On
Appeal from the Probate Court Number 2

Bexar County,
Texas



Trial Court Cause No. 2007-PC-2303

 



 

 

MEMORANDUM OPINION

Appellant Jerry Valdez contests the
award of attorney’s fees to appellee Bruce Robertson, Jr. and expenses to
appellee Dorothy H. Mello from the guardianship estate of Martha Jane Valdez,
deceased.  Appellant raises several points of error.  We reverse and remand for
further proceedings in accordance with this opinion.

FACTUAL AND
PROCEDURAL BACKGROUND

Martha Jane Valdez (“Martha Jane”) was a woman living
with dementia. She had several children, including appellant Jerry Valdez (“Jerry”)
and appellee Dorothy Mello (“Mello”).  On June 22, 2007, Jerry was arrested on
unrelated charges.  That same day, Martha Jane was taken by emergency medical
services from the home she shared with Jerry because she was nonresponsive, had
several bruises, and a swollen eye.  Martha Jane was later released from the
hospital into Mello’s custody.

Mello retained appellee Bruce Robertson, Jr. (“Robertson”)
to represent her in a petition to become Martha Jane’s legal guardian.  Probate
Court No. 2 of Bexar County (“Guardianship Court”) heard the petition and
granted Mello temporary guardianship of Martha Jane on July 31, 2007.  

Jerry contested the guardianship and Mello’s
appointment prior to the hearing to appoint Mello permanent guardian of Martha
Jane.  After determining Jerry did not have standing to contest the
guardianship proceedings, the Guardianship Court appointed Mello permanent
guardian of Martha Jane on September 27, 2007.

In a separate suit, Jerry filed a cause of action
alleging a trespass to try title against Martha Jane.  Martha Jane had deeded four
parcels of real property to Jerry prior to Mello becoming guardian.  Mello responded
Martha Jane did not have mental capacity to execute a legally enforceable deed. 
Mello, as Martha’s guardian, sought title to all four properties and also sued
Jerry and his wife alleging they had converted $8,474.54 of Martha Jane’s
money.

In August 2008, a jury heard the trespass to try
title and conversion matters, and found Martha Jane lacked mental capacity to
deed the property to Jerry.  The jury also found that Jerry and his wife had
converted $8,474.54 of Martha Jane’s funds. Mello, as Martha Jane’s guardian,
was awarded fee simple title to the real property and a judgment for the
converted amount.  The judgment was entered on September 5, 2008. Jerry
appealed, and the Texas Fourth Court of Appeals affirmed the verdict on July
15, 2009.  See In re Guardianship of Martha Jane Valdez, No.
04-08-00886-CV, 2009 WL 2045207 (Tex. App.—San Antonio July 15, 2009, pet.
ref’d).  

Martha Jane died on September 30, 2008.  

On December 3, 2009, Mello filed a “Guardian’s
Application for Payment of Attorney’s Fees and Expenses” in the Guardianship
Court.  She requested payment for a total of $14,785.00 in expenses that were
incurred between July 26, 2007 and November 5, 2009.  The expenses incorporated
$9,200.00 of attorney’s fees Mello previously paid to Robertson.[1]  The expenditures include
costs associated with her application to become guardian and the litigation on
the trespass to try title and conversion actions, including filing fees and
deposition costs.  She also requested the Guardianship Court approve payment of
all other attorney’s fees for Robertson’s services on the guardianship
application and subsequent litigation.  Those fees covered the period from July
21, 2007 to December 3, 2009.  The Guardianship Court set a hearing date of
December 10, 2009 (the “Hearing”).

Jerry and his attorney received notice of the Hearing
by certified mail on December 4, 2009.  Neither Jerry nor his attorney appeared.
Moreover, they did not contact the Guardianship Court in advance of the hearing
to lodge any objections.

At the Hearing, the Guardianship Court granted Mello’s
request, awarding Mello $14,785.00 for “court costs and expenses and attorney’s
fees personally paid by her.”  Robertson submitted a bill for 558.15 hours and
requested attorney’s fees of $114,800.00.  He did not provide evidence of an
hourly rate and Mello did not sign an affidavit stating she approved the
request.  The Guardianship Court awarded Robertson $114,800.00 in attorney’s
fees.  All attorney’s fees and expenses (collectively, “the Judgments”) were to
be paid from Martha Jane’s guardianship estate.  The final judgment in which
the court ordered payment of attorney’s fees and expenses was signed on
December 23, 2009.

On January 21, 2010, Jerry filed a motion for new trial
on the Judgments.  In that motion, Jerry also included a motion to transfer the
claim to Probate Court Number One of Bexar County (“Probate Court”).  The
parties agree that after Martha Jane died, the Probate Court gained exclusive jurisdiction
over Martha Jane’s probate estate.  

The motion for new trial and motion to transfer the
claim was overruled by operation of law.  See Tex. R. Civ. P. §
329(b)(c).  On March 10, 2010, Jerry timely requested findings of fact and
conclusions of law from the Guardianship Court.  See id. at § 296, 329b(e).  
The Guardianship Court did not provide any findings of fact or conclusions of
law based upon this request.  Id. at § 296.  Jerry did not file a notice
of past due findings of fact and conclusions of law.  See id. at § 297.

On appeal, Jerry contests portions of the trial
court’s Judgment.  He presents nine points of error, which we consolidate as
follows:

1.       Did
the Guardianship Court have jurisdiction to grant the Judgments to Robertson
and Mello (collectively, “appellees”)?

2.      May
Jerry contest the Judgments on the grounds that Martha Jane’s other children
did not receive notice of the Hearing?

3.      Did
the Guardianship Court have an obligation to appoint an attorney ad litem at
the Hearing?

4.      Did appellees
fail to make a proper pleading for the Judgments to the Guardianship Court?

5.      Did appellees
violate their respective fiduciary duties to the guardianship estate,
preventing them from receiving the money awarded in the Judgments?

6.      Did
the Guardianship Court err because it denied Jerry’s motion for new trial on
the Judgments?

7.      Is
Jerry entitled to attorney’s fees paid from the guardianship estate for this
appeal?

 

DISCUSSION

I.                  
Did the Guardianship Court have Jurisdiction to Grant Mello and
Robertson Attorney’s Fees, Costs and Expenses?

Jerry contends in his first point of error that the
Guardianship Court lost jurisdiction over the guardianship estate upon the
death of Martha Jane.  As a result, Jerry argues, the Judgments are void
because of lack of jurisdiction.  Jerry also asserts Robertson and Mello were
required to file all claims for payment against Martha Jane’s probate estate,
not the guardianship estate.  In contrast, Robertson and Mello contend all
expenses and attorney’s fees, including all expenses incurred after Martha
Jane’s death, are properly paid by the guardianship estate. 

A.   
 Standard of Review

Whether a court has subject matter jurisdiction is a
question of law, which we review de novo.  Texas Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  

B.    
 Analysis

During the hearing on attorney’s fees and expenses,
no one contested the Guardianship Court’s jurisdiction.  Nonetheless, a trial
court’s jurisdiction is a question of law an appellate court reviews de novo
by examining the pleadings and any other evidence relevant to the
determination.  In re Erickson, 208 S.W.3d 737, 740 (Tex. App.—Texarkana
2006, no pet.).  

The jurisdiction of a court administering a
guardianship estate after the death of the ward is not clear in case law.  A
guardianship of an estate “shall be settled” when a ward dies.  Tex. Prob. Code
Ann. § 745(a)(2) (West 2009).  Upon the ward’s death, the guardian of the
person “shall deliver the [ward’s] property to the personal representative of
the deceased ward’s estate or other person entitled to the property.”  Id.
at § 747(a).  These laws imply that the guardianship ends upon the death of the
ward, subject to winding up of the estate.  

Other probate code provisions indicate the guardianship
may be a continuing venture for some period after the ward’s death.  Specifically,
under her authority as guardian of a deceased ward, a guardian may pay for
funeral expenses and debts of the estate out of the guardianship estate.  Id.
at §§ 745(a)(2), 746.  Debts of the estate include attorney’s fees and the
guardian’s “necessary and reasonable expenses incurred in performing any duty
as a guardian.”  Id. at §§ 606(e), 665B, 666.  

Appellate courts have attempted to reconcile the
apparent contradiction in different ways.  Some courts have determined that “upon
the death of the ward, the guardian has only the obligation and authority to
file a verified accounting and to inform the court of the expenses and debts
against the estate remaining unpaid.”  Carroll v. Carroll, 893 S.W.2d
62, 68 (Tex. App.—Corpus Christi 1994, no writ).  See also Matter of Estate
of Glass, 961 S.W.2d 461 (Tex. App.—Houston [1st Dist.] 1997, writ denied)
(stating that “the guardian of a deceased person represents no one” so the
guardianship court’s jurisdiction over the estate was limited to accepting the
guardian’s final accounting and conclusion of the guardianship); In re
Guardianship of Moon, 216 S.W.3d 506, 510 (Tex. App.—Texarkana 1997, no
writ) (“When a ward dies, the probate court loses jurisdiction of the
guardianship matter, except for the filing of the final accounting and closing
of the guardianship . . .”).

At least one court has determined that the
guardianship does not end when a ward dies  In re Guardianship of Bayne, 171
S.W.3d 232, 236 (Tex. App.—Dallas 2005, pet denied) (“The Ward’s estate did not
cease to exist at the Ward’s death.”). 

This is a transfer case from the Texas Fourth Court
of Appeals, and we are required to follow precedent of the Fourth Court.[2]  Tex. R. App. P.
41.3.  That court last rendered a decision on the issue of a guardianship court’s
continuing jurisdiction in 1990.  Gutierrez v. Estate of Gutierrez, 786
S.W.2d 112, 112 (Tex. App.—San Antonio 1990, no writ).  In that case, a
successor guardian brought suit in July 1987 against the previous guardian for
costs of removal and damages due to the previous guardian’s alleged breach of
fiduciary duties.  Id.  The ward died in April 1988, but the successor
guardian continued to pursue the lawsuit against the previous guardian under
her authority as guardian.  Id.  Substituted service was made in July
1988 and the guardianship court granted a default judgment against the previous
guardian in October 1988.  Id.  

The previous guardian challenged the guardianship
court’s jurisdiction on appeal.  Id.  At that time, the Fourth Court
determined that after the ward’s death, the guardianship court maintains
jurisdiction only to settle and close the estate.  Id.  As a result, the
guardianship court did not have jurisdiction to render a default judgment against
the previous guardian; the court of appeals reversed and rendered judgment with
orders to the guardianship court to enter a judgment of dismissal.  Id.[3]

In this case, the Guardianship Court granted all of
appellees’ requests for compensation out of the guardianship estate for
expenses incurred from 2007 through 2009.  As stated above, Martha Jane died on
September 30, 2008.  Based upon the record before us, we are unable to
determine which expenses and attorney’s fees the Guardianship Court had
jurisdiction to grant to Robertson and Mello.  For example, there is a charge
in Robertson’s bill on October 27, 2008 for “meeting with family members.” 
Without knowledge of the purpose of that meeting, we are unable to make a legal
determination of the Guardianship Court’s jurisdiction to award attorney’s fees
for that meeting.  Consequently we reverse and remand all awards to Robertson
and Mello to the Guardianship Court for factual determinations of the purposes
of the expenses and attorney’s fees and the Guardianship Court’s finding of its
jurisdiction under which it grants awards, if any, in this case.  

We have concluded that we
must reverse and remand for fact-finding regarding the Guardianship Court’s
jurisdiction to award Robertson’s attorney’s fees and Mello’s expenses.  As a
result, it is unnecessary for us to decide Jerry’s points of error two through
six above.  Tex. R. App. P. 47.1.  

II.              
Is Jerry Entitled to Appellate Attorney’s Fees ?

Jerry argues that by bringing this appeal he
performed the same function an attorney ad litem would have performed at the
Hearing.  Thus, Jerry contends he is entitled to a fair and reasonable amount
of attorney’s fees, which he defines as the same amount awarded by the
Guardianship Court to Robertson for future appeals.  The amounts are $6,000.00
for an appeal to this court and $3,000.00 if Jerry prevails.  

Jerry claims he has a right to these fees under Section
38.001 of the Civil Practice and Remedies Code, which allows for recovery of
reasonable attorney’s fees for “rendered services.”  Tex. Civ. Prac. & Rem.
Code Ann. § 38.001 (West 2009).  We find no evidence that Jerry submitted his
claim for compensation to the trial court.  If Jerry  is seeking payment as an
attorney ad litum, he should submit a claim for compensation to the trial court,
in compliance with the rules for guardians ad litem.  See Tex. Prob.
Code Ann. §§ 646-47; 665A.  Consequently, we deny Jerry’s request for
compensation.

 

 

 

 

 

 

CONCLUSION

We reverse portions of the trial court’s judgment
awarding all of Robertson’s attorney’s fees and Mello’s expenses and remand to
the Guardianship Court for fact- finding in accordance with this decision. 
Jerry’s claim for appellate  attorney’s fees is denied.

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

 









[1] The record does not
indicate when Mello made these payments or what services Robertson provided in
exchange for this payment.





[2] This court has never
addressed this question and this opinion does not create any precedent in the
Fourteenth Court of Appeals.





[3] We note the Gutierrez
opinion issued before the statute permitting a guardian to pay for funeral
expenses and debts of the estate was added to the Probate Code.  Tex. Prob.
Code Ann. § 746; Gutierrez, 786 S.W.2d at 112.  We express no opinion about
the Fourth Court’s disposition of a factually similar case today.